09-3095-ag
Anne v. Holder

BIA
Weisel, IJ
A078 358 710

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of September, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> PETER W. HALL,
> > *Circuit Judges.*

————————————————————————————————————

ABOU YERO ANNE,

        *Petitioner*,

       v.                          09-3095-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

       *Respondent*.

————————————————————————————————————

FOR PETITIONER:      Matthew J. Harris, Brooklyn, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Leslie McKay, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Abou Yero Anne, a native and citizen of Mauritania, seeks review of a June 22, 2009, order of the BIA affirming the August 29, 2007, decision of Immigration Judge ("IJ") Robert Weisel, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abou Yero Anne*, No. A078 358 710 (B.I.A. June 22, 2009), *aff'g* No. A078 358 710 (Immig. Ct. N.Y. City Aug. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency's adverse credibility determination was adequately supported by the evidence. *See Secaida-Rosales v.*

*INS*, 331 F.3d 297, 307 (2d Cir. 2003) (finding that an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding).

The agency reasonably determined that the inconsistencies between Anne's testimony and written applications undermined his credibility.  Specifically, although Anne testified that nothing happened to him during his 1992 detention in Mauritania, his 2000 asylum application indicates that he was "tortured" while in detention and his 2006 application indicates that he was beaten for three hours.  This specific discrepancy, which is self-evident and relates directly to the basis of Anne's claim of persecution, is adequate support for the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 294 (2d Cir. 2006).  To the extent that Anne offered explanations for this discrepancy, the IJ was not compelled to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Moreover, contrary to Anne's assertion, the IJ did not err in finding that his failure to provide reasonably available corroboration further undermined the veracity of

3

his claim. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006).

Finally, because Anne failed to meet his burden of proof for asylum, he necessarily fails to meet the higher burden required to demonstrate eligibility for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006). Anne does not challenge the IJ's denial of his CAT claim. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk